## STATEN ISLAND RAPID TRANSIT RY. CO. v. MARSHALL.

(Supreme Court, Appellate Term. July 6, 1909.)

1. CARRIERS (§ 100*)—DEMURRAGE RULES—CONSTRUCTION.
   Demurrage rules promulgated by a carrier must be construed most favorably to the shipper.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 427–433; Dec. Dig. § 100.*]

2. CARRIERS (§ 100*)—DEMURRAGE RULES—CONSTRUCTION.
   Rules stipulating that demurrage will be charged at designated coal piers for the detention of coal cars held for transshipment, promulgated by a terminal carrier, required to deliver at such piers a shipper's coal, do not authorize the collection of demurrage for the detention of coal cars at a freight yard under the control of the carrier 12 miles distant.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 427–433; Dec. Dig. § 100.*]

   MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Staten Island Rapid Transit Railway Company against Wilbur A. Marshall. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Fox, Pierce & Rowe (Grant C. Fox, of counsel), for appellant.

Cravath, Henderson & De Gersforff (Marvin W. Wynne and Kenneth B. Halstead, of counsel), for respondent.

GILDERSLEEVE, P. J. Plaintiff operates a railroad from Arthur Kiln Bridge to St. George, Staten Island. Defendant is a wholesale coal merchant, shipping coal from West Virginia, Pennsylvania, and elsewhere, consigned to himself at the coal piers, St. George, Staten Island, N. Y. The bituminous coal in suit was shipped under a through freight arrangement with the Baltimore & Ohio Railroad Company, and was transported over the New Jersey Central Railroad

to Cranford Junction, N. J., and from Cranford Junction to Arthur Kiln Bridge over the Baltimore & Ohio Railroad, and from Arthur Kiln Bridge to St. George, Staten Island, over plaintiff's line of railroad. Cranford Junction is a freight yard under the control of the plaintiff. Plaintiff had established certain demurrage rules which became effective April 1, 1907, and were in effect at the time covered by the transactions in this suit. The plaintiff recovered in this action $432 for demurrage charges during December, 1907, and January, February, and March, 1908, for the detention of cars at Cranford Junction, consigned to defendant at St. George. Defendant appeals from the judgment in plaintiff's favor.

The detention at Cranford Junction was through no fault of the defendant, but because of the congested condition at St. George. The defendant concedes that the demurrage rules, as established by plaintiff at St. George, must be accepted as reasonable and binding by both parties, but claims that they are to be construed most strongly against plaintiff, because plaintiff alone is responsible for their preparation and promulgation. It is defendant's claim that no demurrage has been shown to have accrued under the said demurrage rules; that it was the duty of plaintiff to show the dates of the actual arrival of the cars at St. George, and to prove that it gave notice to the defendant of the arrival of the cars at that place; that demurrage must be computed after due notice to defendant of the arrival of the cars at St. George, or, at least, that demurrage must be computed from the time of the actual arrival of the cars at St. George; and defendant insists that the arrival of the cars at Cranford Junction, N. J., and the notice of their arrival there, which place is 12 miles out from St. George, is not the arrival nor notice of arrival of the cars at St. George, and defendant urges that the rules aforesaid are to be enforced at St. George, the terminus of plaintiff's road, and cannot be stretched to cover detention of cars at Cranford Junction. In other words, defendant contends there can be no liability under the rules for demurrage until plaintiff has completely performed its duty as a common carrier, by transporting the cars to the place of destination named in the consignment; i. e., St. George. Plaintiff contends that an arrival at any point on its line is equivalent to arrival at destination, and that it is entitled to treat an arrival at Cranford Junction, practically, for the purpose of demurrage, as an arrival at St. George.

The first paragraph of the rules in effect during the period in question reads as follows:

"On and after April 1. 1907, demurrage will be charged under the following rules at St. George, Staten Island, N. Y., coal piers, for detention to cars containing bituminous coal and coke held for transshipment."

This appeal presents but one question for determination, viz., the construction of the demurrage rules above mentioned. Did the plaintiff properly charge demurrage from the time the defendant's cars arrived at its freight yard, at Cranford Junction, N. J.? We see no ambiguity or uncertainty in respect to the place for the assessment of demurrage. The paragraph above quoted informs the shipper that demurrage will be charged at St. George for detention to cars held for transshipment. There can be no holding for transshipment until cars

reach their destination. Demurrage contemplates other service than transportation, and cannot arise until the full discharge of the plaintiff's duty as a common carrier. The·respondent recognizes the truth of this proposition, and claims that arrival at Cranford Junction is equivalent to arrival at St. George. As well may it be .said that, had the cars been sidetracked at any other intermediate point, they then reached their destination for the purposes. of demurrage. No one would have the temerity to urge that a construction of the rules permitting such liberty on·the part of the carrier would be reasonable. We must adopt·a construction most favorable to defendant. We think plaintiff, as a connecting carrier, was under obligation to deliver defendant's coal at St. George, and until the cars reached there it had not performed its obligation as a carrier. The demurrage. rules in express terms apply to St. George. The plaintiff prepared and promulgated the rules, and, had it desired that they should apply to Cranford Junction, it would have been very easy to draft them in language to leave no room for doubt. Our conclusion is that the record discloses .no express or implied agreement to pay demurrage for detention of cars at Cranford Junction, that plaintiff's cause of .actio· is founded·upon the demurrage rules .in question, that they apply to St. George only, and that plaintiff is not entitled to recover.

Judgment .reversed, and new .trial .ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

MacLEAN, J. (dissenting). The plaintiff, operating a terminal railway for the delivery of freight from the south and west at tide water, particularly of coal in cars at its piers at St. George, S. I., provided by a rule, recognized by the Interstate Commerce Commission, that beyond 12 free days, corresponding to maritime lay days, demurrage·should be payable at $1. per day and car—seemingly compensation small enough for track room, maintenance, interest, and depreciation. It follows, almost upon the bare reminder that cars are designed and built and maintained to run upon rails for transportation of freight with dispatch under public franchises, that as the consignees of ships are held liable for delayed failure to provide lighters and other vehicles to take away cargoes, so the defendant, a merchant, had to furnish barges for reception of the coal·he freighted or pay for the cars he used as movable storage warehouses for the coal .he prematurely brought from the mines in West Virginia. To have the defendant's coal on hand to dump into his barges when he had them, the plaintiff kept 15 to 30 cars laden with the defendant's coal at the. water front in the vicinity of the two coal piers. Others it kept in its freight yards at Cranford, from which ·they were brought ·upon notice by the defendant that he would have barges at the piers, a run of a couple of hours more or less. This was ·all familiarly and long known to the defendant, who now claims he should .not pay demurrage because in the posted rule St. George is .named as the place of arrival. .Textually that was true. Its literal truth was of no moment, as both parties knew and understood that notification of arrival signified ,that the cars had reached the .practical ,terminus of ·the freight-

ing railroad and were within the handling of the terminal company for dumping the defendant's coal at the piers whenever he had barges for it or for storing it when he was not ready till after lapse of delay date. Whether the place of delivery was stated as St. George or Cranford made no difference to the parties herein, but naming Cranford might cause much confusion to shippers at a distance, who would be put upon inquiry as to how freight would be gotten therefrom to the piers at St. George. The defendant had the benefit of a bargain he made by acquiescence. He should not be let off by stickling on a word which had a meaning accepted by both parties.

The judgment appealed from should be affirmed.